IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAUL ROBLES, ) | |
| ) | |
| Plaintiff, ) | Case No.: 18-CV-4379 |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In response to the Motion to Dismiss of the Defendant-Officers, excluding Defendants Salgado and Elizondo, Plaintiff Raul Robles states as follows:

**Introduction**

Plaintiff Raul Robles alleges that Defendant-Officers Salgado, Elizondo, Ramirez, Theodore, Cox, Martinez, Pruger, Nichols, Foley, Lin and Szubert ("Defendants") entered his home with an invalid and illegally-obtained search warrant and conducted an illegal search during which numerous personal items were improperly seized. According to the Complaint, all of the Defendants entered Plaintiff's home and took part in the illegal search. Further, it is alleged that Defendant Elizondo, the officer in charge of this team, along with other officers, including Defendant Salgado, would submit materially false "John Doe" affidavits to fraudulently obtain search warrants that would allow the team to enter, search, and seize property at various locations throughout Chicago.

Defendants Ramirez, Theodore, Cox, Martinez, Pruger, Nichols, Foley, Lin and Szubert seek to dismiss Plaintiff's complaint for failure to state a claim. In their motion to dismiss, Defendants assert that Plaintiff's "group pleading" does not meet the requisite specificity to put

1

them on notice of the claims against them and that Plaintiff did not plead sufficient facts to state a claim against them. Their motion impermissibly draws inferences in their favor and ignores controlling precedent. Defendants' motion should be denied.

**Legal Standard**

In ruling on a motion to dismiss under Rule 12(b)(6), this Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court "accepts as true all well pleaded facts in the complaint and construes them in the light most favorable to the nonmoving party." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010).

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to five the defendant fair notice of what the…claim is and the grounds upon which it rests. *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). (internal quotation and citation omitted). Here, Plaintiff has alleged with sufficient factual detail that each of the Defendants caused or participated in the alleged constitutional violation. An allegation directed at multiple defendants can be adequate to plead personal involvement. See, *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).

**Argument**

**I.    Plaintiff Has Pled His Allegations With Specificity Against Defendants**

Defendants Ramirez, Theodore, Cox, Martinez, Pruger, Nichols, Foley, Lin and Szubert first contend that Plaintiff improperly "group pled" by not specifying, at the pleading stage without the benefit of discovery, the acts committed by each named Defendant within each Count. (*See* Defs' Motion, p. 4). Plaintiff's Complaint clearly states in each count which Defendants are implicated. Count I, which addresses the unreasonable search of Plaintiff's home, included all the individually named Defendants. Plaintiff has alleged that all of them entered his home during the execution of the search warrant. (See Complaint, ¶¶ 14-16). Plaintiff included all of the individual Defendants in the Count by referring to "Defendant-Officers" instead of reciting the names of all eleven officers. Defendants' Motion does not explain how the Complaint fails to put them on notice of which actions they are alleged to have taken where they are specifically identified in the Counts. Defendants' argument lack-of-notice argument is further weakened by the fact that they filed an answer to the Complaint the same day they filed the instant motion to dismiss.

Under Seventh Circuit law, an allegation explicitly directed at all or a particular subgroup of defendants is sufficient to plead personal involvement after *Iqbal*, even if each defendant comprising the group is not named individually in each separate paragraph. *Brooks,* 578 F.3d 574, 582 (finding a complaint alleging that all members of a group of defendants engaged in misconduct unobjectionable); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (holding that a prisoner's statement that he repeatedly alerted a group of medical personnel to his medical condition stated a claim so long as the complaint at some point identified all of the medical personnel involved).

3

Additionally, numerous judges in this district have denied motions to dismiss asserting analogous "group pleading" arguments. *See Harris v. Kruger,* 2015 WL 4971888, at *3 (N.D. Ill. Aug. 19, 2015) ("'Group pleading' is acceptable in this case because the officers have been effectively put on notice of the general claims against them."); *Hyung Seok Koh v. Graf,* 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013) ("Rule 8(a) is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer"); *Johnson v. Village of Maywood,* 2012 WL 5862756 (N.D. Ill. Nov. 19, 2012) (rejecting argument that complaint that "lumped" police officers together should be dismissed); *Johnson v. Village of Maywood*, 2012 WL 5862756 (N.D. Ill. Nov. 19, 2012) (rejecting argument that complaint that "lumped" police officers together should be dismissed); *see also Duarte v. City of Chicago*, 1990 WL 165302, *1 (N.D. Ill. Oct. 25, 1990).

In his Complaint, Plaintiff both identified the individual Defendants, as discussed in *Brooks* and *Burks*, and detailed exactly what he alleges each Defendant did wrong, with sufficient specificity to put them on notice of the claims against them. Plaintiff simply used the term "Defendant-Officers" to indicate that all of Defendants illegally entered and searched Plaintiff's home.

It is true that Plaintiff did specifically refer to Defendant Elizondo in a few paragraphs, but those allegations were particular to him. Plaintiff also concedes that he is currently not privy to which individual Defendants took his money and jewelry, but he knows they are among the group of eleven Defendants that illegally entered and searched his home. Courts in this District have recognized the unique nature of §1983 claims and the fact that a §1983 plaintiff may not have access to specific facts at the pleading state. *See Varvaris v. Delia*, 1996 WL 521287, at *2 (N.D. Ill. Sept. 11, 1996)(holding that "[a]lthough [the plaintiff] does not currently possess enough information to make specific allegation against each [defendant], the complaint

4

effectively puts the [defendants] on notice of the general claims against them and the circumstance form which the claims arise.")

Plaintiff alleged that Defendants Ramirez, Theodore, Cox, Martinez, Pruger, Nichols, Foley, Lin and Szubert were members of Defendant Elizondo's team and would submit materially false "J. Doe" search warrants. (See Complaint, ¶ 12). Plaintiff further alleged that the Defendants entered his home during the execution of the search warrant. (See Complaint, ¶¶ 14-15). It is alleged that once all of the Defendants entered the home, Plaintiff was seized and his home was illegally searched. Plaintiff further alleged that during the illegal search some of his personal property was taken and never returned. These facts alone provide the individual Defendants with enough information to place them on notice of what exactly they did to violate Plaintiff's rights under the Constitution. It is anticipated that through discovery, Plaintiff will be able to identify which officers searched which areas of his home and develop evidence as to which officers stole his personal property. However, at the pleading stage, Plaintiff is allowed to direct the allegations at multiple defendants. *See Kuri v. City of Chicago*, No. 13 C 1653, 2014 WL 114283 * 7 (N.D. Ill. Jan 10, 2014)(plaintiff allowed to direct allegation at multiple defendants at pleading sate where plaintiff may not be aware of "which individual committed which parts of the alleged misconduct before the benefit of discovery").

**Conclusion**

For the foregoing reasons, Defendants Ramirez, Theodore, Cox, Martinez, Pruger, Nichols, Foley, Lin and Szubert's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be denied. In the alternative, Plaintiff seeks leave to amend the Complaint with additional facts.

          Respectfully submitted,

          */s/ Louis J. Meyer*
          *Counsel for the Plaintiff*

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
311 W. Stratford Drive
Peoria, Illinois 61614
t. 309-713-3751
louismeyer@meyerkiss.com

6

## **CERTIFICATE OF SERVICE**

 I, Louis J. Meyer, certify that on October 4, 2018, Plaintiff's Response to Defendants' Motion to Dismiss was filed through the District Court's CM/ECF automated docketing system thereby causing service upon all counsel of record.

                 /s/ Louis J. Meyer
                 *Counsel for the Plaintiff*

Louis J. Meyer
Meyer & Kiss, LLC
311 West Stratford Drive
Peoria, Illinois 61614
309.713.3751
louismeyer@meyerkiss.com

7