# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RAUL ROBLES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 18 CV 4379 |
| CITY OF CHICAGO, a municipal corporation; Chicago Police officers DAVID SALGADO, Star 16347; XAVIER ELIZONDO, Star 1304; ROBERT RAMIREZ, Star 12261; PETER THEODORE, Star 10523; BRYAN COX, Star 19328; BENJAMIN MARTINEZ, Star 14519; ROCCO PRUGER, Star 15445; GEORGE NICHOLS, Star 19184; JOSEPH FOLEY, Star 3711; JACK LIN, Star 11860; and LOUIS SZUBERT, Star 15620, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendants. | ) | |

## ORDER

The defendant officers' motion to dismiss the complaint [36] is denied. See Statement for details.

## STATEMENT

The complaint in this case (which is accepted as true for purposes of this motion) alleges that the 11 defendant officers were all members of Team 6713, an operational subunit of the 10th District Gang Enforcement Unit. Defendant Elizondo, a sergeant, led the team. According to the complaint, Team 6713 operated as a robbery ring. The team gained access to homes by obtaining search warrants on the strength of fabricated affidavits reporting information purportedly obtained from anonymous "John Doe" informants who did not, in fact, exist. In the course of executing those warrants, the team stole narcotics, cash, jewelry and other valuables from the homes they searched. During the searches, the team made false arrests and otherwise used force and intimidation to extort their victims and to cover up their unlawful conduct. Two members of the team, Elizondo and defendant officer David Salgado, have been indicted on charges relating to this alleged scheme and await trial.

This case involves allegations concerning a single such episode. Plaintiff Raul Robles alleges that on July 7, 2016, Team 6713 executed an unlawful search of his home based on a bogus John Doe warrant the team had secured. The complaint alleges that "the Defendant-Officers" then:

(1) Entered Plaintiff's residence;
(2) Found and seized money, jewelry, firearms, two bullet proof vests, and a baton;
(3) Did not inventory all of the money or the jewelry they seized; and (adding insult to injury)
(4) Drank a case of Plaintiff's Gatorade while in the home.

Robles says that he was forced to sign an evidence log relating to his firearms and vests, but he was not arrested or charged as a result of this search. He filed a complaint with the Police Department which, he says, conducted a sham investigation that wrongly concluded that his claim was unfounded. Against the individual defendants, Robles presses two theories. In Count One, he maintains that the search violated his rights under the Fourth Amendment to be free from unreasonable searches and in Count Two he charges that the Defendant-Officers conspired together to conduct the unlawful search of his home in order to rob him.

The defendant officers (other than Elizondo and Salgado) have moved to dismiss both counts on the ground that the complaint relies on "group pleading" that fails to provide them with notice of what each defendant is alleged to have done to violate the plaintiff's rights. Alleging that "the Defendant-Officers" performed the wrongful conduct described in the complaint, without differentiating among the defendants, does not suffice, they maintain, because it "forces Defendant Officers to speculate as to which claims, if any, they must defend themselves." Motion, ECF No. 36, at 6. Robles rejoins by asserting that he both identified all of the individual defendants and "detailed exactly what . . . each Defendant did wrong."

The question presented is whether Robles' allegations regarding "the Defendant-Officers" are sufficient to put each defendant on notice of the general claim that is being pressed against him. There is no "group pleading" doctrine, *per se*, that either permits or forbids allegations against defendants collectively; "group pleading' does not violate Fed. R. Civ. P. 8 so long as the complaint provides sufficient detail to put the defendants on notice of the claims." *Lattimore v. Vill. of Streamwood*, No. 17 C 8683, 2018 WL 2183991, at *4 (N.D. Ill. May 11, 2018). And with respect to the notice required to a particular defendant, there is no bright line; the Seventh Circuit has simply cautioned that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

This is not a case where the allegations of the complaint leave the defendants in the dark about what they are alleged to have done. In contrast to other cases on which the defendants rely, the complaint in this case does not employ ambiguous formulations of collective action by multiple defendants that fail to "adequately connect specific defendants to illegal acts." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) ("one of more of the Defendants"); *see also, e.g., Atkins v. Hasan*, No. 15 CV 203, 2015 WL 3862724, *3 (N.D. Ill. June 22, 2015) ("the defendants, or other individuals acting at the direction of, agreement with and/or with the actual knowledge of the defendants"); *Harrison v. Wexford Health Sources Inc.*, No. 1:17-CV-01383-JBM, 2018 WL

2

659862, at *3 (C.D. Ill. Feb. 1, 2018) ("conduct included but was not limited to involvement of multiple of said personnel in various types of physical abuse"). As the Seventh Circuit confirmed in *Brooks*, allegations against "the Defendants" adequately plead personal involvement where it is clear that they pertain to all of the defendants. 578 F.3d at 582 ("Brooks adequately pleads personal involvement, because he specifies that he is directing this allegation at all of the defendants"). *See also Atkins*, 2015 WL 3862724 at *4 (concluding that use of "the defendants" adequately alleged participation of all defendants in alleged conspiracy).

That is the case here. Robles alleges unequivocally that "the Defendant-Officers" obtained a bogus warrant, unlawfully searched his home, and stole his property, and his response brief confirms that the term "Defendant-Officers" encompasses all of the individual defendants in this case. Thus, each of the defendant officers is alleged to have been a member of a team that collectively conspired to, and did, jointly rob Robles by obtaining a search warrant with fabricated evidence and seizing cash, firearms, and other valuable property found in the home. Each defendant is alleged to have participated personally in the unlawful search and in the seizure and theft of Robles' property. That is enough to put each defendant on notice as to "what he … did that is asserted to be wrongful." *Knight*, 725 F.3d at 818. *See, e.g., Ephrain v. Gossett*, No. 15 CV 3359, 2016 WL 3390659, *3 (C.D. Ill. June 17, 2016) (rejecting challenge to collective allegations about conduct of "Orange Crush" tactical team in conduct of shakedown prisoner strip searches where plaintiff alleged that team operated as a group and conspired together). The complaint does not, it is true, allege how much money or other property each defendant carried out of the home, or what each did in connection with securing or executing the bogus warrant, or other details of precisely what each defendant did in the course of the unlawful search, but it plainly alleges that all of them participated in the entire episode. That suffices to alert the defendants as to what they have to defend against; a complaint needn't allege every detail about each individual's participation to plausibly allege their involvement or to put them on notice of the nature of the claim. In the context of a claim where an entire team of individuals is alleged to have worked together to execute a scheme to rob the plaintiff, the defendants do not need allegations as to who searched the kitchen and who the bedroom to understand the nature of the plaintiff's claim.

Further, there is nothing implausible here about the allegation that each of the defendants participated in the unlawful search. The defendants are alleged to have been assigned to a single operational unit, so it may reasonably be inferred that they worked regularly together and would not, when executing a search warrant, stand idly by while other officers carried out the search. This is not a scenario where numerous unaffiliated officers arrive at a scene independently and then engage based on an ad hoc assignment or on their own initiative; in such cases, it may be less clear as to which officers personally participated in the challenged conduct. *Compare, e.g., Lattimore*, 2018 WL 2183991, at *2 (claims involving numerous officers responding to an emergency call did not provide adequate notice of actions each officer took when employing collective designations of the officers such as the "Responding Officers"); *Earl v. Howard*, No. , 2017 WL 2779797, *3 (N.D. Ill. June 27, 2017) (contrasting impermissible group pleading re the 83 defendants named in the case against cases in which collective pleading had been approved regarding 9 defendants). The defendants here are alleged to have operated as a coordinated unit working to pull off a common objective and the complaint plainly alleges that all of the defendants participated in the challenged conduct—namely, the unlawful search (and the conspiracy to conduct it).

Nor does this case involve disparate claims that are unlikely to have involved the entire group of defendant officers. This complaint implicates a single unit of less than a dozen officers who are alleged to have carried out an organized plan to rob the defendant by committing a single constitutional violation—conducting an unlawful search—that, by its nature, plausibly implies the involvement of numerous officers. The claim here is that the defendants—all of them—conspired together to conduct an unlawful search as a means to rob the plaintiff, and that the defendants—all of them—participated in that search and robbery. Facts about what was taken from the plaintiff's home have more to do with the measure of damages to which Robles may be entitled for the illegal search than to the liability of any particular defendant. All of the defendants are alleged to have knowingly participated in the unlawful search; if that is proven, it will not matter whether they actually walked out of the house with Robles' property.

Accordingly, the Court concludes that the complaint provides sufficient notice to the individual defendants to go forward. As Judge Chang has cogently explained:

> Rule 8(a) is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer. Such a pleading standard would effectively allow police officers to violate constitutional rights with abandon as long as they ensured they could not be individually identified, even if liability for acting in concert (or for aiding and abetting each other) would otherwise apply. … Rather, the key is to generally name the "persons responsible for the problem." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir.2009).

*Hyung Seok Koh v. Graf*, No. 11-CV-02605, 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013). Here, the complaint adequately identifies the persons who are allegedly responsible for the problem he experienced on July 7, 2016 and what they allegedly did. To the extent that the defendants deem them material, discovery will permit the defendants to flesh out the particulars of the plaintiff's contentions concerning their participation in the alleged scheme.

Dated: January 18, 2019

John J. Tharp, Jr.
United States District Judge